UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESSIE ROUSE,

          Plaintiff,          Case No. 1:10-cv-956

v.                                          Honorable Janet T. Neff

CINDI CURTIN et al.,

          Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff Jessie Rouse presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Alger Maximum Correctional Facility, though the actions he complains of occurred while he was housed at the Oaks Maximum Correctional Facility (ECF). Plaintiff sues MDOC Director Patricia Caruso, MDOC Medical Director Steve Jeffery, and the following ECF employees: Warden Cindi Curtin; Deputy Warden (unknown) Ball; Assistant Deputy Warden (unknown) Sanders; Nurses Jeannie Stephenson and Anita Young; Resident Unit Supervisor (unknown) McAry; and Resident Unit Manager (unknown) Thomas.

In his complaint, Plaintiff sets forth two sets of allegations. First, Plaintiff alleges that, since being incarcerated with the MDOC in 1981, he has consistently complained of severe headaches, nausea and vomiting, all of which, he alleges, are classic symptoms of a brain tumor. He contends that, although he has been seen numerous times by the prison medical staff, they have failed to order unspecified tests and therefore have failed to discover that he has a malignant brain tumor. Plaintiff states that the brain tumor "is alleged to be the size of a baseball . . . ." (Compl., ¶ 14, docket #1.) According to Plaintiff, Defendants' failure to diagnose a brain tumor on the basis of his symptoms of headache and nausea violates the Eighth Amendment.

In another set of allegations, Plaintiff asserts that he suffers with a "chronic brain disorder" within the meaning of MICH. DEP'T OF CORR., Policy Directive (PD) 05.01.120, ¶ A, because he has "a mental disorder characterized by multiple cognitive defects, including memory impairment resulting from and due to a medical condition or brain injury [due] to trauma or toxins." (Compl., ¶ 19.) *See also*, PD 05.01.120, ¶ A (eff. Feb. 15, 2010). He therefore contends that he is

eligible for placement in the Adaptive Skills Residential Program (ASRP) for selected developmentally disabled prisoners, as set forth in PD 05.01.120. The ASRP program is offered for male prisoners at the Richard A. Handlon Correctional Facility and the St. Louis Correctional Facility. Plaintiff alleges that, on May 24, 2010, he submitted a request to health services, asking to be transferred to the ASRP program. On May 25, 2010, Defendant Nurse Young responded to his request for transfer by stating:

> I have read your letter and reviewed your medical record. Your request for a transfer is a custody issue and must be addressed through your ARUS or RUM. Health Services would only be involved if a medical transfer was necessary because your medical needs could not be met at ECF. This is not the case, your medical needs can be met here and a medical transfer is not indicated at this time.

(Compl., ¶ 25.) Plaintiff alleges that, because he has not been placed in ASRP, he is being deprived of, among other things, special management treatment of disruptive or assaultive prisoners. *See* MICH. DEP'T OF CORR., Policy Directive 05.01.120, ¶¶ M, N, O. Plaintiff contends that Defendants' failure to transfer him to ASRP violates his rights under the Eighth and Fourteenth Amendments.

For relief, Plaintiff seeks declaratory relief, together with compensatory and punitive damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Allegations against Defendants Stephenson, Jeffery, McAry, Sanders, Ball, Thomas, Curtin and Caruso

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even

under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996). In the instant case, Plaintiff fails to allege any conduct by Defendants Stephenson, Jeffery, McAry, Sanders, Ball or Thomas in the body of his complaint. His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

In addition, Plaintiff fails to make specific factual allegations against Defendants Caruso or Curtin, other than his claim that they failed to supervise or control the other Defendants. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889,

899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso or Curtin engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Allegations against Defendant Young

Plaintiff's sole factual allegation against Defendant Young is that she failed to transfer him to another facility so that he could participate in the Adaptive Skills Residential Program. He appears to allege that Defendant Young's conduct violated both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

#### i. Eighth Amendment

Plaintiff's Eighth Amendment claim against Defendant Young is somewhat convoluted. He nowhere alleges that Young failed to treat his alleged brain tumor.[1] Instead, he suggests that his incarceration outside the ASRP was a deprivation of constitutional magnitude because he has a chronic brain disorder, as defined by MDOC procedures. He therefore suggests that Young's failure to transfer him to another prison and into the program violated the Eighth Amendment.

---

[1] The Court notes that Plaintiff makes no allegations in his complaint that any of the named Defendants deprived him of treatment for his alleged brain tumor. In fact, Plaintiff alleges no facts that support his conclusion that he has a brain tumor. He does not allege that he has received such a diagnosis from anyone. Instead, he merely alleges that he has headaches and nausea and that those are "classic symptoms" of a brain tumor. Such allegations are conclusory and fail to state a claim that is "is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft*, 129 S. Ct. at 1949-50.

Even assuming that Young had the requisite authority to authorize a prison transfer, Plaintiff fails to demonstrate that Young's failure to transfer him deprived him of his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions-of-confinement claims)). Deliberate indifference has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, the plaintiff must allege that the medical or safety need at issue is sufficiently serious.

*Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).

Defendant Young's refusal to place Plaintiff in the ASRP, which is not a medical program but a rehabilitative program, falls far short of deliberate indifference to Plaintiff's serious medical needs. Plaintiff's allegations do not support his claim that he has a brain tumor, much less that he suffers a sufficiently serious risk to his health or safety from being denied medical treatment for that brain tumor. If he cannot show that he is suffering a sufficiently serious risk from the denial of medical treatment, he necessarily cannot demonstrate a sufficiently serious risk from the denial of non-medical services such as the ASRP.

ii. Procedural due process

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Plaintiff does not have a federally cognizable liberty interest in being transferred to a particular prison or participating in the ASRP. The Supreme Court squarely has held that a prisoner has no liberty interest in being incarcerated at a particular prison facility. *See Meachum v. Fano*, 427 U.S. 215, 225. In addition, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9

(1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Because Plaintiff has no constitutional right to be transferred to a particular prison or the ASRP, he fails to state a procedural due process claim.

          iii.  State-law claim

Finally, to the extent that Plaintiff alleges that Defendant Young's actions violated MDOC policy, this Court declines to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and where all federal claims are dismissed prior to trial, the court ordinarily should dismiss the state-law claim without reaching its merits. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). This claim will be dismissed without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: November 8, 2010     /s/ Janet T. Neff
Janet T. Neff
United States District Judge